**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APRIL POWELL-WILLINGHAM, | No.   18-55215 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06508-DSF-KS |
| v. | |
| JOINT AID MANAGEMENT USA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 16, 2019
Pasadena, California

Before: WARDLAW and COLLINS, Circuit Judges, and BATAILLON,** District Judge.

April Powell-Willingham appeals the district court's dismissal of her employment discrimination action under the doctrine of *forum non conveniens*. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

1.     Powell-Willingham entered into an employment contract with Joint Aid Management USA (JAM USA), a U.S. entity, in which JAM USA agreed to employ her "to work in the capacity of Country Director for JAM International in South Sudan" in "the office for the region of JAM International." The contract provided that the agreement would be "governed by, construed, and enforced in accordance with the laws of the United States of America."

The district court erred in evaluating this choice-of-law provision. Contrary to the district court's conclusion, the provision encompasses Powell-Willingham's claims because California law broadly construes such provisions to apply to all causes of action arising from or related to the contract. *See Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1505–06 (9th Cir. 1995); *see also Olinick v. BMG Entm't.*, 138 Cal. App. 4th 1286, 1299 (2006) (construing a comparably worded choice-of-law provision to "encompass[] all causes of action arising from or related to the Agreement, regardless of how they are characterized, including tortious breaches of duties emanating from the agreement or the legal relationships it creates") (emphasis and alterations omitted) (quoting *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 470 (1992)). The choice-of-law provision in Powell-Willingham's contract was valid and enforceable under California law, which enforces such clauses, "unless (1) the chosen state has no substantial relationship to the parties or transaction; or (2) such application would run contrary to a California

public policy or evade a California statute." *Gen. Signal Corp.*, 66 F.3d at 1506. Powell-Willingham's California residence alone is enough to create a substantial relationship. *Nedlloyd Lines*, 3 Cal. 4th at 467.

Because the district court erred in evaluating the choice-of-law provision, it reached the incorrect conclusion that South African law would govern the entire case. Instead, U.S. and California law will govern at least the claims against JAM USA. The district court's legal error was an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014).

2. We also disagree with the district court's conclusion that the defendants met their burden of showing that there is an adequate remedy in South Africa. Although the test for showing that an alternative forum provides an adequate remedy "is easy to pass," *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006), it is not met when, as here, the defendants' foreign law expert provided only a cursory and wholly conclusory description of the substance of the relevant actions and remedies available under the foreign forum's law, thereby depriving the district court and this court of any ability to determine whether the foreign forum offers a "practical remedy for the plaintiff's complained of wrong," *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144 (9th Cir. 2001). *See also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1225–26 (9th Cir. 2011) (adequacy of Peruvian remedies established where defendant's expert submitted an "in-depth

exploration of Peruvian statutory law and civil procedure"); *Tuazon*, 433 F.3d at 1178 (defendant "offered an extensive affidavit by a former Justice of the Philippine Court of Appeals, detailing background about the Philippines and its court system, the availability of contract and tort relief, the discovery process, and procedural formalities"; "[u]nder our precedent, this showing is sufficient").

3.     The district court also erred in its assessment of the private interest factor concerning "whether unwilling witnesses can be compelled to testify." *Lueck*, 236 F.3d at 1145.  Here, as in *Carijano*, defendants "ha[ve] not shown, nor do[] [they] even represent, that any witness is unwilling to testify."  643 F.3d at 1231. Absent any affirmative showing as to unwillingness, defendants failed to carry their burden to show that this factor favored dismissal.

4.     In view of the foregoing, and the "strong presumption" that Powell-Willingham's choice of her home forum is convenient, *id.* at 1227, the district court abused its discretion in granting defendants' motion to dismiss.  Given defendants' failure to carry their "burden of demonstrating" that dismissal was warranted, we conclude that, on the record before the district court, the motion to dismiss under *forum non conveniens* should have been denied.  *Id.* at 1224.

**REVERSED; REMANDED for further proceedings consistent with this disposition.**